UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEEKU, INC., d/b/a DUNKIN DONUTS, and KAUSHIKKUMAR A. PATEL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 13-cv-1600 ) ) Judge John W. Darrah |
| JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security; ALEJANDRO MAYORKAS, Director, U. S. Citizenship & Immigration Services; and ERIC H. HOLDER, JR., Attorney General of the United States, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Cheeku, Inc., d/b/a Dunkin' Donuts, ("Cheeku") and Kaushikkumar A. Patel, have challenged the denial of an employment-based immigrant visa petition by the United States Citizenship and Immigration Services ("USCIS"), after the USCIS denied the petition as moot because the employer who filed the petition on Patel's behalf dissolved in bankruptcy while the matter was pending. Plaintiffs have moved for partial summary judgment, arguing that there is no genuine issue of material fact as to the original petitioner's ability to pay the prevailing wage or as to Plaintiffs' standing to challenge the denial of the petition. Defendants have cross-moved for summary judgment, arguing that there are no genuine issues of material fact and that, as a matter of law, the USCIS correctly denied the visa petition. For the reasons discussed below, Defendants' Motion [39] is granted; Plaintiffs' Motion is denied as moot [17, 18, 35]; and the USCIS's decision is affirmed.

## BACKGROUND

The facts in this case are, for the most part, undisputed. Kaushikkumar A. Patel, a native and citizen of India, entered the United States without inspection on or about October 3, 1994 near Brownsville, Texas. (Defendants' Rule 56.1 Statement of Uncontested Facts ("SOF") ¶ 1.) Patel was apprehended by Border Patrol agents on October 5, 1994, at which time Patel stated he had flown from India to Costa Rica, had traveled north to the U.S. border, and was going to Tampa, Florida to seek employment. (SOF ¶ 2.) Patel was placed in deportation proceedings and ordered deported *in absentia* on January 13, 1995, by an immigration judge in Texas. (SOF ¶ 2.)

On April 30, 2004, Tejany & Tejany, Inc. ("Tejany") filed an I-140 immigrant visa petition (the "visa petition") on Patel's behalf, seeking to employ him as the manager of its Dunkin' Donuts restaurant/bakery in Woodstock, Illinois. (SOF ¶ 3.) The visa petition was filed for the "skilled worker" classification, required the employee to have two years of prior experience, and had a priority date of January 1998, which was established when Tejany filed the labor certification with the Department of Labor. (Pl.'s Rule 56.1 Statement of Uncontested Facts ("PSOF") ¶ 2.) Concurrently with the visa petition, Patel filed an I-485 status adjustment application. (SOF ¶ 3.)

On November 14, 2008, Tejany was dissolved as a business entity. (PSOF ¶ 3.) Patel then began working as a store manager for Cheeku, which is a separate corporation with no connection to Tejany. (PSOF ¶ 3.) On September 25, 2009, the USCIS issued a Request for Evidence to Tejany, relating to Patel's work experience. (PSOF ¶ 5.) On November 6, 2009, the USCIS issued a second Request for Evidence to Tejany, requesting evidence of Tejany's ability

to pay Patel's offered wage and documentation of Patel's work experience. (SOF ¶ 4.) The USCIS also questioned the sufficiency of the experience letter submitted by Tejany in support of the visa petition, on the basis that the letter indicated Patel worked as a supervisor at a Dunkin' Donuts restaurant in St. Louis, Missouri, from September 1994 until October 1996. (SOF ¶ 4.) This letter conflicted with immigration records showing Patel first entered the U.S. without inspection on October 3, 1994, one month earlier than he allegedly started work in St. Louis. (SOF ¶ 4.) Tejany, which had been dissolved by this date, did not respond to either Request for Evidence. (SOF ¶ 4.) However, Cheeku and Patel, by their counsel, submitted materials. (SOF ¶ 5.)

On December 31, 2009, the USCIS denied the visa petition, finding that the petitioner, Tejany, had not met its burden of demonstrating the beneficiary, Patel, met the minimum requirements at the time the certification was filed and also that Tejany had failed to establish its ability to pay the proffered wage since filing the visa petition. (SOF ¶ 7; *see also* Administrative Record ("AR") pp. 369-370.) The USCIS noted, among other things, the discrepancy between Patel's work experience starting in September 1994 and the record of Patel's apprehension on the United States border in October 1994.

On February 1, 2010, Cheeku filed an appeal with the USCIS's Administrative Office ("AAO"). (SOF ¶ 8.) On November 19, 2012, the AAO dismissed the appeal as moot because: (1) Patel and Cheeku lacked standing to appeal; (2) the petitioner, Tejany & Tejany, Inc., was involuntarily dissolved, and a bona fide job offer cannot exist from an employer who is no longer in business; and (3) that Patel was not permitted to port the visa petition to Cheeku. (SOF ¶ 11; *see also* AR 80-85.) Patel and Cheeku now challenge the denial of the visa petition, arguing that

3

Cheeku should have been substituted as Patel's employer.

## LEGAL STANDARD

Under the Administrative Procedure Act ("APA"), a court reviewing an administrative agency's decision may set aside agency actions, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Abraham Lincoln Memorial Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012)). Final decisions of administrative agencies are given deference by district courts. A court must consider whether an agency's decision was "based on a consideration of the relevant factors and whether there has been a clear error of judgment. Nevertheless, the ultimate standard of review is a narrow one, and the district court may not substitute its judgment for that of the agency." *Secretary of Labor of U.S. v. Farino*, 490 F.2d 885, 889 (7th Cir. 1973) (internal citation and quotation marks omitted); *see also Ind. Forest Alliance, Inc. v. U.S. Forest Serv.*, 325 F.3d 851, 858–59 (7th Cir. 2003).

## ANALYSIS

### *Standing*

As a threshold matter, it must be determined whether Patel or Cheeku has standing to challenge the denial of the visa petition. The AAO determined that neither Cheeku nor Patel had standing to appeal based on regulatory language found in 8 C.F.R. § 103.3(a)(1)(iii)(B), which provides that only the petitioner, and not the beneficiary, has administrative standing to pursue the appeal of a denial. However, the AAO's decision was based on the ability to appeal a denial of a visa petition within the INS, rather than in federal court. *See Ghaly v. INS*, 48 F.3d 1426, 1434 n.6 (7th Cir. 1995). In contrast, Section 10 of the APA, 5 U.S.C. § 702, provides any

4

person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" has the right to seek federal court review of the agency action. *See also Construction and Design Co. v. USCIS*, 563 F.3d 593, 597-98 (7th Cir. 2009); *Ghaly*, 48 F.3d at 1434 n.6; *Stenographic Machines, Inc. v. Regional Administrator for Employment & Training*, 577 F.2d 521, 527-28 (7th Cir.1978); *Taneja v. Smith*, 795 F.2d 355, 358 n.7 (4th Cir. 1986); *Sanchez-Trujillo v. INS*, 620 F. Supp. 1361, 1363 (W.D.N.C. 1985) (noting that "[t]he immigrant beneficiary is more than just a mere onlooker; it is [his] own status that is at stake when the agency takes action on a preference classification petition").

Defendants appear to concede, and this Court agrees, that under 5 U.S.C. § 702 and the line of cases cited above, Patel has standing to contest the denial of the petition. *See* Defs' Mem. in Supp. of Mot. for Sum. Judgment, at 14. However, Defendants contend that Patel does not have constitutional standing because his alleged injury would not be redressed by a favorable decision in this case because Tejany has dissolved, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (2012). However, if Patel prevailed on his argument that he could port the original Tejany visa petition to Cheeku, Patel could receive a favorable USCIS decision. Therefore, Patel has constitutional standing.

Cheeku, however, does not appear to have standing. It is undisputed that Cheeku is not the successor-in-interest to Tejany or otherwise legally related to Tejany.[1] It is also undisputed that Cheeku has not filed its own visa petition on behalf of Patel. Although Cheeku argues it will be harmed by the denial of Patel's visa petition because it is currently Patel's employer, this is insufficient to establish Cheeku's legal injury. Indeed, Cheeku fails to cite any case supporting that an employer who is unrelated to the petitioner has standing to challenge the denial of a visa petition. As an unrelated party to Tejany, Cheeku has not suffered a "legal wrong" or been "adversely affected" because of the agency's decision or action and, therefore, cannot seek review in federal court under 5 U.S.C. § 702. *See Ghaly*, 48 F.3d at 1434 n.6. However, as a practical matter, Cheeku's lack of standing is of no consequence given Patel's standing. The merits of the arguments put forth by both Plaintiffs are addressed below.

*The Denial of the Visa Petition*

Next, this Court must examine whether the denial of the visa petition was arbitrary and capricious. *See* 5 U.S.C. § 706(2). The burden of proof rests on the visa applicant to establish that the beneficiary is eligible to receive a visa. 8 U.S.C. § 1361; *see also Amglo Kemlite Labs. v. BCIS*, No. 07 C 945, 2008 WL 687223 at *3 (N.D. Ill. Mar. 10, 2008). Plaintiffs argue that the USCIS incorrectly concluded that the visa petition was not portable to a new employer. In support, Plaintiffs cite to an USCIS memoranda, signed by William Yates on May 12, 2005, and

---

[1]The regulations permit a successor-in-interest to be substituted when the petitioning employer ceases to exist. *See* USCIS policy memorandum "Successor-in-Interest Determination of Form I-140 Petitions," Donald Neufeld, August 6, 2009, *published on* AILA InfoNet at Doc. No. 09090362 (providing guidance on successor-in-interest determinations). However, although the regulations contemplate that a petition can be transferred to a valid successor-in-interest, they do not provide for an unrelated party to step in the shoes of a previous petitioner. Moreover, no such transfer was sought here.

reissued on December 27, 2005, which states that: "if the I-140 petition is still pending after 180 days . . . USCIS officers are required to determine whether the I-140 is or would have been approvable had it been adjudicated within 180 days. If the petition is approvable but for an ability to pay issues or any other issue relating to a time after the filing of the petition, USCIS officers are directed to approve the petition." *See* Pls.' Resp. at 3; *see also Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)* at 3 (available at http://www.uscis.gov/sites/default/files/ USCIS/Laws/Memoranda/Static_Files_Memoranda/Archives%201998- 2008/2005/ac21intrm051205.pdf, last visited 12/31/13).

Section 204(j) of the Immigration and Nationality Act, 8 U.S.C. § 1154(j), provides that a visa petition "shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed." 8 U.S.C. § 1154(j). In its *de novo* review of the USCIS's denial of the visa petition, the AAO directly addressed the Yates memoranda cited by Plaintiffs and stated that it had been superseded by *Matter of Al Wazzan*, 25 I&N Dec. 359 (AAO 2010). (AR 83.) In *Matter of Al Wazzan*, the AAO determined that for a visa petition to remain valid with respect to a new job, as provided in 8 U.S.C. § 1154(j), the petition must have been "valid" to begin with in order to "remain valid for a new job." 25 I&N Dec. at 359. The AAO in *Matter of Al Wazzan* further determined that to be valid, the petition must have been "approved" by the USCIS and also that an un-adjudicated visa petition is not made valid merely through the passage of 180 days. *Id*. Likewise, in *Herrera v. USCIS*, 571 F.3d 881, 887 (9th Cir. 2009), the Ninth Circuit

determined that for a visa petition to remain valid for purposes of portability, it "must have been valid from the start."

In denying the instant visa petition, the AAO explained that the statutory language of 8 U.S.C. § 1154(j) provides no benefit or right for a new employer to "substitute" itself for the previous petitioner.[2] (AR 84.) Rather, as the AAO explained, the statute "simply permits the beneficiary to change jobs and remain eligible to adjust based on a prior approved petition if the processing times reach or exceed 180 days." (AR 85.) Because the visa petition submitted by Tejany had never been approved, the visa petition was never "valid" to begin with and, therefore, could not be ported to Cheeku. (AR 84.) Indeed, Plaintiffs do not contest that the visa petition was never approved.

The Court finds that the denial of the visa petition submitted on behalf of Patel was not arbitrary or capricious. The USCIS and the AAO did not make a clear error judgment in determining that the unapproved visa petition could not be ported to Cheeku by Patel. As pointed out by Defendants and the AAO, it would subvert the U.S. immigration statutory scheme if a visa petition became "valid" simply because it had been pending for more than 180 days. Rather, under the statutory language of 8 U.S.C. § 1154(j), the petition must be "valid" to begin with in order to be ported. As this is a purely legal issue without any disputed factual issues, summary judgment is appropriately granted in favor of Defendants. Consequently, the final decision of the USCIS to deny the I-140 immigrant visa petition submitted by Tejany on behalf of Patel is affirmed.

---

[2] This would appear to directly conflict with the successor-in-interest procedure discussed above.

## CONCLUSION

Defendants' Motion for Summary Judgment [39] is granted; Plaintiffs' Motion is denied as moot [17, 18, 35]; and the USCIS's decision is affirmed.

Date:  January 28, 2014  

_____
JOHN W. DARRAH
United States District Court Judge